IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00240-BNB

DAVON Q. WILLIAMS,

    Plaintiff,

v.

DENVER SHERIFF DEPARTMENT,
GARY WILSON, Director, Individual Capacity,
ALEX MARTINEZ, Individual Capacity, and
CITY AND COUNTY OF DENVER,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Davon Q. Williams, who is detained in the Denver County Jail, initiated this action by submitting *pro se* a Prisoner Complaint (ECF No. 1). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On January 31, 2013, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because it failed to allege the personal participation of the individual Defendants in a deprivation of the Plaintiff's constitutional rights and failed to show that a City and County of Denver policy was the cause of the asserted constitutional violations. Accordingly, Magistrate Judge Boland ordered Mr. Williams to file an amended complaint within thirty days of the January 31 Order. Magistrate Judge Boland warned Plaintiff that failure to comply with the January 31 Order would result in dismissal of the action without further notice.

    The Court must construe the complaint liberally because Mr. Williams is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Complaint because Mr. Williams is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the Complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Complaint and the action will be dismissed.

Mr. Williams alleges in the Complaint that on January 23, 2013, he was told by Denver Sheriff's Deputy Jones that he was not allowed to send mail to multiple attorneys. He further alleges that on two other occasions, his legal mail was opened and returned to him on the basis that the mail was not legal mail. Plaintiff asserts that each of the letters was legal mail. Plaintiff claims that his constitutional right of access to the courts and to legal counsel have been violated. Mr. Williams requests monetary relief.

Mr. Williams may not maintain claims against the Denver Sheriff's Department. The Sheriff's Department is not an entity separate from the City and County of Denver and, therefore is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Furthermore, Mr. Williams cannot maintain a claim against the City and County of Denver under 42 U.S.C. § 1983 because he does not allege facts to show that an unconstitutional policy or custom was the direct cause of his alleged injury. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiff was warned by Magistrate Judge Boland in the January 31 Order that municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Mr. Williams cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Furthermore, Mr. Williams fails to allege the personal participation of any of the named individual Defendants in a violation of his constitutional rights. Plaintiff was warned by Magistrate Judge Boland in the January 31 Order that personal participation by the defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo*

3

*v. Goode*, 423 U.S. 362, 371 (1976)).  A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Finally, Mr. Williams makes allegations against a Deputy Jones in the body of his Complaint but does not name Jones as a defendant in the caption.  Accordingly, the Court does not construe the Complaint as asserting any claims against Deputy Jones. Plaintiff was warned by Magistrate Judge Boland in the January 31 Order that if he intends to sue Deputy Jones under 42 U.S.C. § 1983, he must add Jones to the caption and state specific facts in the body of the Complaint to show that Deputy Jones was personally involved in a deprivation of Plaintiff's constitutional rights.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED for the reasons discussed above. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Williams has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Williams may file a motion in the Tenth Circuit Court of Appeals.

DATED at Denver, Colorado, this  8th  day of    March         , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court